IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN VALENTIN,<br>*Plaintiff* | : CIVIL ACTION<br>:<br>: |
| v. | :<br>: |
| COMMONWEALTH OF<br>PENNSYLVANIA DEPARTMENT OF<br>LABOR AND INDUSTRY, *et al.*,<br>*Defendants* | :<br>:<br>: NO. 24-0629<br>: |

## MEMORANDUM

PRATTER, J.                                     FEBRUARY 21, 2024

Jonathan Valentin has filed a civil action alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Pennsylvania Human Relations Act ("PHRA"), 42 Pa. Cons. Stat. §§ 951-963. Named as defendants are the Commonwealth of Pennsylvania Department of Labor and Industry, that agency's "Deputy Chief Council" [sic], and North Philadelphia Career Link Office.[1] Mr. Valentin also seeks leave to proceed *in forma pauperis*. The request to proceed *in forma pauperis* is granted, and the Complaint is dismissed.

### BACKGROUND

Mr. Valentin alleges claims based on failure to hire, failure to stop harassment, unequal terms and conditions of employment, and retaliation. He asserts that discriminatory acts, otherwise unspecified, occurred or began ten years ago on February 20, 2014, and the discrimination

---

[1] The docket currently lists the defendants as (1) Commonwealth of Pa., (2) Dept. of Labor & Ind., and (3) "N. Phila., PA Careerlink." The manner in which Mr. Valentin listed the Defendants in his Complaint is not entirely clear. A liberal reading of his allegations would imply that he intended to name the above listed entities as the defendants. The Order that follows will direct the Clerk of Court to amend the docket to reflect that the defendants named in the Complaint are the Commonwealth of Pennsylvania Department of Labor and Industry, that agency's "Deputy Chief Council, [sic]" and North Philadelphia Career Link Office.

stemmed from his race, Hispanic, and his national origin, Puerto Rican. Mr. Valentin claims he "secured employment using Pa. Care Link resources and was terminated within the first week."

Mr. Valentin filed a discrimination complaint and "illegal employment practice" with the Pennsylvania Human Relations Commission ("PHRC") and the Equal Employment Opportunity Commission ("EEOC"), and "the harassing, discriminating and retaliation began shortly after." According to Mr. Valentin, this "happened [in] early 2014 and then again in late 2015. [He] renewed [his] Pa Carelink service agreement early in 2016 and the same series of events began to take place again in mid-2016," leading Mr. Valentin to file "several complaints with the PHRC, EEOC and Dep. Of Labor and IRS in 2018." Mr. Valentin asserts that he filed charges with the EEOC about alleged discrimination in 2016 and on April 20, 2023. He alleges that the EEOC issued a Right to Sue Letter that he received on November 9, 2023.[2] Mr. Valentin seeks money damages.

### LEGAL STANDARD

At the outset, the Court grants Mr. Valentin leave to proceed *in forma pauperis.*

28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss a complaint from a party proceeding *in forma pauperis* if the complaint fails to state a claim. The Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court] accept[s] the facts alleged in [the *pro se*] complaint as true,' 'draws all reasonable inferences in [the plaintiff's] favor,' and 'ask[s] only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*,

---

[2] Although the complaint form Mr. Valentin used to file his case instructed him to attach the Right to Sue Letter to the Complaint, he did not do so.

792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Mr. Valentin is proceeding *pro se*, the Court construes the allegations of the Complaint liberally, *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021), though "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245).

## DISCUSSION

Title VII prohibits employment discrimination on the basis of race, color, religion, sex and national origin. 42 U.S.C. § 2000e-2(a). The statute makes it unlawful for an "employer" to discriminate. 42 U.S.C. § 2000e-2(a)(1). Mr. Valentin has named three defendants in his Complaint: (1) the Commonwealth of Pennsylvania Department of Labor and Industry, (2) that agency's "Deputy Chief Council" [sic], and (3) North Philadelphia Career Link Office. It is, at best, unclear whether any of these defendants qualifies as Mr. Valentin's employer.

The United States Court of Appeals for the Third Circuit has declined to extend liability under Title VII to individuals, such as the Deputy Chief Counsel, and has held that the term "employer" as used in Title VII does not encompass individual employees. *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir.1996). Thus, the claims against the Chief Deputy Counsel are dismissed with prejudice.

Less clear is whether Mr. Valentin was ever employed by or sought employment from the Department of Labor or North Philadelphia Career Link Office. The website[3] of the North Philadelphia Career Link Office indicates that, "PA CareerLink® is part of the Pennsylvania

---

[3] The Court may take judicial notice of the information published on a government website. *See Vanderklok v. United States*, 868 F.3d 189, 205 (3d Cir. 2017) ("To the extent that we rely on information beyond what the government included in its amicus brief, that information is publicly available on government websites and therefore we take judicial notice of it.").

3

Department of Labor & Industry's initiative to transform the landscape of how job-seekers find family sustaining jobs, and how employers find the skilled candidates that they need. *See* https://pacareerlinkphl.org/about-pa-careerlink/ (last viewed Feb. 14, 2024). The entity appears to be where job seekers can receive training and employment services to be hired by other employers. *Id.* Mr. Valentin claims he "secured employment *using* Pa. Care Link resources and was terminated within the first week." Compl. at 8 (emphasis added). Because Mr. Valentin appears to allege only that he used services at the North Philadelphia Career Link Office and fails to allege that this entity employed him, it is not clear whether that entity or the Pennsylvania Department of Labor, of which CareerLink is a part, ever employed Mr. Valentin for purposes of Title VII.[4]

Moreover, Mr. Valentin's claims appear untimely. He alleges that discriminatory acts occurred or began on February 20, 2014, that he was terminated within the first week of his employment, and that he suffered harassment after he filed a discrimination complaint in early 2014 and then again in late 2015. He also claims he renewed his "Pa. Care Link" service agreement early in 2016 and the same series of events began to take place again in mid-2016, leading him to file additional administrative complaints with various agencies in 2018.

The statute of limitations for a Title VII claim, as well as a PHRA claim, is 180 days after the alleged act of discrimination. *Farag v. Am. Bd. of Psychiatry & Neurology, Inc.*, 152 F. Supp. 2d 647, 649 (E.D. Pa. 2001). If the plaintiff files the claim with a state or local agency with authority to adjudicate the claim, the plaintiff is granted 300 days from the date of the alleged discrimination to file a complaint with the EEOC. *Id.* (citing 42 U.S.C. § 2000e-5(e)). A plaintiff who fails to bring a charge within that 300-day period has failed to exhaust administrative remedies

---

[4] The lack of any specific allegations about the nature of the discriminatory acts Mr. Valentin suffered adds to the confusion about whether these entities were ever his employer or whether there is any other basis for a claim against the entities under Title VII.

4

as required by Title VII and is therefore barred from bringing an action in federal court. *See Valentin v. Manpower Grp. Sols.*, 792 F. App'x 208, 210 (3d Cir. 2019) (*per curiam*) ("Title VII requires a claimant in Pennsylvania to file a charge with the EEOC within 300 days of an unlawful employment practice. Absent the filing of such a charge, a claim for relief under federal law may not proceed." (citations omitted));[5] *Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000) ("Watson's attempt to obtain relief under federal law from Kodak's alleged employment discrimination on the basis of race and age may proceed only if he filed his administrative charge of discrimination within 300 days of the unlawful employment actions he challenges.").

Once a plaintiff receives a final agency decision in the form of a Right to Sue letter, he or she must file a lawsuit within 90 days. *See Kannikal v. Att'y Gen.*, 776 F.3d 146, 149 (3d Cir. 2015) ("This scheme sets forth a specific starting point — namely, that a claimant may file suit 180 days after filing his initial charge. It also sets a specific outer limit — namely, that a claimant has 90 days in which to file suit after receiving a final agency decision.").

Mr. Valentin asserts that he filed charges with the EEOC in 2016 and again on April 20, 2023 and that he received a Right to Sue letter on November 9, 2023. He filed this action on February 9, 2024, 82 days after receiving the Right to Sue Letter, though Mr. Valentin fails to allege any discriminatory act occurring within 300 days of his April 20, 2023 EEOC filing. This is an additional reason that his claim is not plausible.

However, because, theoretically at least, Mr. Valentin may be able to allege additional facts to make clear whether the Pennsylvania Department of Labor or the North Philadelphia Career

---

[5] Jonathan Valentin was also the plaintiff in the cited case. That case was dismissed as untimely, Mr. Valentin appealed, and the Court of Appeals for the Third Circuit affirmed the dismissal. Including *Manpower Grp. Sols.* and this case, to date Mr. Valentin has filed at least five employment discrimination cases in this Court. *See Valentin v. Topaz Lighting*, No. 17-1822 (E.D. Pa.) (summary judgment granted for defendant); *Valentin v. Adecco*, No. 17-5366 (E.D. Pa.) (motion to dismiss or compel arbitration granted); and *Valentin v. TJX Cos.* No. 20-1036 (E.D. Pa.) (dismissed on statutory screening).

5

Link Office is an entity liable under Title VII and because Mr. Valentin may be able to allege an act of discrimination occurring with the limitations period, he is permitted an opportunity to file an amended complaint if he can cure these defects.

## CONCLUSION

For the foregoing reasons, the Court dismisses Mr. Valentin's Title VII and PHRA claims against "Deputy Chief Council" with prejudice and the claims against the other defendants without prejudice. An appropriate order with further information about filing an amended complaint will be entered separately.

BY THE COURT:

*/s/ Gene E.K. Pratter*
**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**