IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN VALENTIN,<br>*Plaintiff* | : | CIVIL ACTION |
| v. | : | |
| COMMONWEALTH OF<br>PENNSYLVANIA DEPARTMENT OF<br>LABOR AND INDUSTRY, *et al.*,<br>*Defendants* | : | NO. 24-0629 |

## ORDER

**AND NOW**, this _21st_ day of February, 2024, upon consideration of Jonathan Valentin's Motion to Proceed *In Forma Pauperis* (ECF No. 1) and Complaint (ECF No. 2) and for the reasons set forth in the accompanying memorandum, it is **ORDERED** that:

1. The Clerk of Court is **DIRECTED** to amend the docket to reflect that Defendants in this case are (1) the Commonwealth of Pennsylvania Department of Labor, (2) "Deputy Chief Council, [sic]" and (3) North Philadelphia Career Link Office.

2. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

3. The Complaint is **DEEMED** filed.

4. The Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for the reasons stated in the Court's Memorandum as follows:

    a. All claims against Defendant Deputy Chief Council [sic] are **DISMISSED WITH PREJUDICE**.

    b. All other claims are **DISMISSED WITHOUT PREJUDICE**.

5. The Clerk of Court is **DIRECTED** to terminate Deputy Chief Council [sic] as a defendant.

6. Mr. Valentin may file an amended complaint within thirty (30) days of the date of this Order. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Mr. Valentin's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Mr. Valentin should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7. The Clerk of Court is **DIRECTED** to send Mr. Valentin a blank copy of this Court's current standard form to be used by a self-represented litigant filing an employment discrimination action bearing the above-captioned civil action number. Mr. Valentin may use this form to file his amended complaint if he chooses to do so. Mr. Valentin may supplement the form with all additional information he wants to the Court to consider when screening his amended complaint to cure the defects the Court has identified in his original pleading.

8. If Mr. Valentin does not wish to amend his Complaint and intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to

amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

9. If Mr. Valentin fails to file any response to this Order, the Court will conclude that Mr. Valentin intends to stand on his Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on the complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, which occurs when a plaintiff opts not to amend the complaint and thus leaves the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case . . . ." (citing cases)).