IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JONATHAN VALENTIN,<br>*Plaintiff* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF<br>PENNSYLVANIA DEPARTMENT OF<br>LABOR AND INDUSTRY *et al.*,<br>*Defendants* | :<br>:<br>:<br>: | No. 24-0629 |

## MEMORANDUM

PRATTER, J.                                                               MAY ⟨6⟩, 2024

In a prior Memorandum, the Court granted the motion to proceed *in forma pauperis* filed

by Jonathan Valentin and dismissed his Complaint in which he alleged violations of Title VII of

the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Pennsylvania Human Relations Act

("PHRA"), 42 Pa. Cons. Stat. §§ 951-963. *See Valentin v. Commonwealth of Pennsylvania Dep't*

*of Labor and Indus.*, No. 24-629, 2024 WL 710882 (E.D. Pa. Feb. 21, 2024). Mr. Valentin's

claims against Defendant "Deputy Chief Council" were dismissed with prejudice,[1] the claims

against the other defendants were dismissed without prejudice, and Mr. Valentin was granted leave

to file an amended complaint. He returned with an Amended Complaint, filed on April 15, 2024

(ECF No. 14.) The only defendant named in the Amended Complaint is the Commonwealth of

Pennsylvania Department of Labor and Industries (sic, hereinafter "DOL"). For the following

reasons, the Amended Complaint will be dismissed.

---

[1]     The claims against the "Deputy Chief Council" [sic] were dismissed because the United States
Court of Appeals for the Third Circuit has declined to extend liability under Title VII to individuals, such
as the Deputy Chief Counsel, and has held that the term "employer" as used in Title VII does not encompass
individual employees. *Valentin*, 2024 WL 710882, at *2 (citing *Sheridan v. E.I. DuPont de Nemours &
Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996)).

BACKGROUND

Mr. Valentin alleged claims in his original Complaint based on failure to hire, failure to stop harassment, unequal terms and conditions of employment, and retaliation. He asserted that discriminatory acts, otherwise unspecified, occurred or began on February 20, 2014 and the discrimination stemmed from his race, Hispanic, and national origin, Puerto Rican. The Complaint was dismissed because Mr. Valentin failed to allege that he was ever employed by or sought employment with the DOL or the North Philadelphia CareerLink Office. The Court noted also that his claims appeared to be untimely since he alleged only that discriminatory acts occurred or began on February 20, 2014, after his employment terminated within the first week, and that he suffered harassment after he filed a discrimination complaint in early 2014 and then again in late 2015 and mid-2016.

Mr. Valentin's 242-page Amended Complaint consists of the Court's form available for use by *pro se* litigants to file employment discrimination claims in which he checked boxes indicating he seeks to bring claims for failure to stop harassment, unequal terms and conditions of employment, and retaliation, accompanied by a 15-page "Memorandum of Law" primarily containing the procedural background of this case and excerpts of statutes. Mr. Valentin also submitted a 20-page typewritten addendum to the form complaint and numerous exhibits.[2]

---

[2]    On April 26, 2024, after the Amended Complaint was submitted, Mr. Valentin submitted several additional documents he styled as "motions" and a "memorandum." He filed a "Motion Requesting Allowance of Additional Paper" (Doc. No. 15) that appends a civil cover sheet, another copy of his previously granted application to proceed *in forma pauperis*, an affidavit for the appointment of counsel, a case management track designation form, a related case designation form, another copy of a portion of his amended complaint, and USM-285 forms. He also filed two motions to request leave to file "an evidence package" (Doc. Nos. 17, 18) consisting of the same documents he attached as exhibits to his Amended Complaint. Finally, he submitted a pleading docketed as a "Memorandum" that appears to be copy of his Amended Complaint without the originally attached exhibits. Doc. No. 16.

    Because, as a whole, Mr. Valentin's April 26 submissions appear to duplicate the entire contents of his Amended Complaint, and none of the documents was individually designated as a second amended complaint, for ease of citation, the Court will screen the Amended Complaint as originally submitted. To the extent these pleadings were filed as motions, they will be denied as moot. Unless otherwise noted, the

The form portion of the submission mainly repeats the allegations Mr. Valentin originally submitted as his Complaint. (*Id.* at 3-7.) In the typewritten portion, Mr. Valentin asserts that he began to experience retaliatory harassment and discrimination in 2016.[3] He states the discrimination occurred at "a separate work related misconduct Unemployment investigation involving [a] Pa Career Link of North Philadelphia Client," namely a company called Topaz Lighting, and as a result of dispute procedures, he was successfully awarded unemployment benefits from his 2016 termination at Topaz Lighting. Am. Compl. 23-24, 27-28, Doc. No. 14 (capitalization cleaned up). He states that in 2017, DOL "took over [his] case file and began to collect activity reports related to [his] job search and job placement effort." His "service agreement" with CareerLink allegedly expired in April 2018, without him ever receiving an on-the-job ("OTJ") employment referral assignment, leading to Mr. Valentin filing a Title VII action before the Pennsylvania Human Relations Commission ("PHRC"). The PHRC issued him a Notice of Right to sue letter on March 21, 2023 naming DOL, stating there was insufficient evidence to establish discrimination.[4] Mr. Valentin then filed a complaint with the EEOC on April 20, 2023. The EEOC dismissed the discrimination charge on November 9, 2023 "because [Mr. Valentin's] charge was not filed within the time limits under the law; in other words[,] you waited too long after the date of the alleged discrimination to file your charge."

---

cited factual allegations are taken from the Amended Complaint, for which the Court adopts the pagination supplied by the CM/ECF docketing system.

[3] Notably, the typewritten portion of the Amended Complaint fails to comply with the requirement in Federal Rule of Civil Procedure 10 that allegations be stated in numbered paragraphs. Rather, the allegations in the Amended Complaint are stated in numbered lines with many of the lines containing a capitalized first word, making it difficult to comprehend where individual paragraphs begin and end.

[4] In addition to the 2023 right to sue letter, Mr. Valentine included in Exhibit A an undated questionnaire he contends he submitted to the PHRC on June 25, 2018 (*see* Doc. No. 14 at 47) about his denied discrimination claim. The questionnaire lists the "Pennsylvania CareerLink Office" in Philadelphia as the defendant business or organization, and asserts a claim based on retaliation that Mr. Valentin alleges occurred in 2015. He also stated he was denied a disability accommodation in "2016/2017," complained about harassment in "2016/2018," and filed claims about it with the EEOC in "2016/2018."

3

Additionally, Mr. Valentin alleges that he "arrived at two [DOL] state designated vocational training and job placement centers for enrollment services on April 18, 2016 and April 21, 2016," where he was assigned a career development workforce advisor. *Id.* at 27 (capitalization cleaned up). Mr. Valentin claims he was repeatedly advised to enroll and participate in vocational training to "maintain account activity" but was never offered an on-the-job training placement. In April 2018, his service agreement expired without him ever receiving an on-the-job training referral assignment. He asserts that he was willfully denied a placement "because of racial barriers [his] Advisor did not feel confident over looking [sic]." He asserts in conclusory fashion "a willful display of harassing behavior and discrimination while in attendance and participating in employment services partly due to [his] involvement in a number of other work[-]related civil rights employment complaint[s]."[5]  *Id.* (capitalization cleaned up). Mr. Valentin seeks money damages and injunctive relief.

---

[5]        This section of the Amended Complaint refers to Exhibits C-J. Briefly, Exhibit C is a CareerLink Philadelphia form outlining the organization's grievance procedure and equal opportunity policy, and a release of information form for prospective employers that Mr. Valentin signed. Am. Compl. at 70-73. It also contains (1) a May 12, 2016 letter Mr. Valentin sent to an "EO Liaison" named Patrick Bond at CareerLink about his inability to use a computer, stating "I'm reporting your office and staff to the federal government if you don't stop harassing me when I come into the office."; and (2) an email dated July 20, 2016 "concerning an ongoing discrimination and harassment offense" at his workplace because he was forced to fill out an application while intake staff members spoke "indirectly to me concerning, not only my family situation but also my employment situation and financial statues [sic] in a disrespectful matter [sic]."

Exhibit D and D-1 are a CareerLink Individual Employment Plan and other forms. *Id.* at 78-99. Exhibit E appears to be a Job Application activity report Mr. Valentin submitted perhaps as part of his unemployment benefits dispute. *Id.* at 100-115. Exhibit F is a copy of a legal text about the Wagner-Peyser Act and Pennsylvania unemployment compensation law. *Id.* at 117-123. Exhibit G contains emails Mr. Valentin sent in 2020 about PHRC claims concerning discrimination in 2018 and supporting documents dating from 2016. *Id.* at 125-162. Exhibit H appears to concern Mr. Valentin's 2015 employment with Marshalls, including 2017 right to sue letters from the PHRC and EEOC and a 2019 right to sue letter from the PHRC. *Id.* at 164-172. Exhibit I is Mr. Valentin's unemployment compensation claim paperwork from Topaz Lighting in 2016 and an EEOC right to sue letter dated January 23, 2017 for a claim against Topaz Lighting. *Id.* at 174-193. Exhibit J contains CareerLink participant records. *Id.* at 195-209.

LEGAL STANDARD

Because the Court has granted Mr. Valentin leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Ashcroft*, 556 U.S. at 678. "[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). Because Mr. Valentin is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The United States Court of Appeals for the Third Circuit has explained that in determining whether a pleading meets Rule

8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). In other words, "[a] complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Prelle v. United States by Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (*per curiam*) (internal quotations and citations omitted).

Dismissals under Rule 8 are "'reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). Where the claims are unclear and the facts are underdeveloped, the Complaint fails to provide fair notice of the grounds upon which a plaintiff's claims rest, as required by Rule 8. *See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed

6

to plead adequate factual content to support a reasonable inference that defendants were liable and

failed to present cognizable legal claims to which defendants could respond on the merits); *Wright*

*v. United States*, No. 22-1164, 2023 WL 4540469 (3d Cir, July 14, 2023) (*per curiam*) (affirming

the District Court's dismissal with prejudice of a *pro se* amended complaint where the amended

complaint failed to assert adequate factual allegations to put the named defendants on notice of the

claims against them).

## DISCUSSION

Federal law prohibits employment discrimination based on race, color, religion, sex,

national origin, age, and disability. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d

Cir. 2015) (citing 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623; 42 U.S.C. § 12112). To pass statutory

screening, a plaintiff must allege sufficient facts to raise a reasonable expectation that discovery

will reveal evidence that his membership in a protected class was "either a motivating or

determinative factor" in his employer's adverse employment action against him. *Connelly v. Lane*

*Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016); *see also Santos v. Iron Mountain Film & Sound*,

593 F. App'x 117, 119 (3d Cir. 2014) (*per curiam*) (explaining that to survive a motion to dismiss

a plaintiff "cannot merely state that he was discharged due to his national origin" and instead "must

plead facts that plausibly connect his national origin to his discharge").[6]

Mr. Valentin's allegations in the Amended Complaint remain unclear in significant

respects, to the point that the DOL cannot reasonably be expected to respond to it, and the

---

[6]    A complaint need not establish a *prima facie case* to survive statutory screening or a motion to
dismiss because a *prima facie case* is an evidentiary standard, not a pleading requirement, and hence is not
a proper measure of whether a complaint fails to state a claim. *Connelly*, 809 F.3d 788-89 (internal citations
and quotations omitted).   Nonetheless, a plaintiff must "put forth allegations that raise a reasonable
expectation that discovery will reveal evidence of the necessary element[s]." *Fowler*, 578 F.3d at 213.

Amended Complaint thus fails to comply with Rule 8.[7] This defect arises in part because, rather than provide a short plain statement of his claims by way of a clear narrative explaining the "who, what, where, and why" of his discrimination claims, Mr. Valentin asserts vague allegations and appears to rely on voluminous exhibits he attached to the Amended Complaint.

In conducting a statutory screening under 28 U.S.C. § 1915(e)(2)(B), the Court may consider exhibits attached to a *pro se* plaintiff's complaint. *See Harris v. U.S. Marshal Serv.*, No. 10-328, 2011 WL 3607833, at *2 (W.D. Pa. Apr. 6, 2011), *report and recommendation adopted as modified*, 2011 WL 3625136 (W.D. Pa. Aug. 15, 2011) ("In addition to the complaint, courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in disposing of a motion to dismiss under Rule 12(b)(6), and hence, under the screening provisions of the PLRA.") (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994)). However, a plaintiff may not state a claim by relying solely on exhibits.[8] *See Estate of Egenious Coles*, 658 F. App'x at 111 ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint."); *see also Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.").

---

[7] For example, it is unclear how the allegations in the Amended Complaint regarding Mr. Valentin's brief employment with Topaz Lighting and his resulting disputed claim for unemployment insurance benefits relate to a Title VII claim against DOL.

[8] Mr. Valentin fails to state a claim for the additional reason that, from the Court's review of the contents of the Exhibits (*see* Footnotes 4, 5), they, too, contain conclusory allegations and fail to shed much light on the nature of Mr. Valentin's discrimination claims.

Mr. Valentin has named only DOL as a defendant in the Amended Complaint but fails to allege how DOL is plausibly liable for the discriminatory acts described. Mr. Valentin appears to allege discrimination and retaliation claims under Title VII and the PHRA based on the actions of his unnamed advisor at the CareerLink office, perhaps undertaken in the office's role as an employment agency.[9] Mr. Valentin, however, does not allege specific facts about any connection between the CareerLink office and DOL, and the Court will not speculate about any potential connection or the CareerLink office's role upon which Title VII liability is premised. He alleges only that he went to two DOL "designated" vocational training and job placement centers to enroll for services on April 18, 2016 and April 21, 2016, where he was assigned a career development advisor. Am. Compl. at 27. In a different portion of the Amended Complaint, and again referring to exhibits, he asserts he was willfully denied a placement "because of racial barriers [his] PA Career Development Workforce Advisor did not feel confident over looking [sic]." *Id.* at 41. He also makes the conclusory allegation about "a willful display of harassing behavior and discrimination while in attendance and participating in employment services partly due to [his] involvement in a number of other work[-]related civil rights employment complaint[s]," also referring to several attached exhibits. *Id.* (capitalization cleaned up).

Conclusory allegations that discrimination occurred are insufficient to allege plausible claims Title VII claims. *Iqbal*, 556 U.S. at 678; *Connelly*, 809 F.3d at 791 (stating that a plaintiff must plead facts that, construed in her favor, state a claim of discrimination that is "plausible on

---

[9]     An employment agency may be liable under Title VII if it fails or refuses to refer an individual for employment or classifies that individual in a referral on the basis of race, color or other immutable characteristics. *See* 42 U.S.C.A. § 2000e-2 ("It shall be an unlawful employment practice for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin, or to classify or refer for employment any individual on the basis of his race, color, religion, sex, or national origin."). Although § 2000e-2 is one of the many statutory sections Mr. Valentin excerpted in the "Memorandum" portion of his Amended Complaint, there are no factual allegations to support liability under that portion of the statute.

its face" (citing *Iqbal*)). Thus, Mr. Valentin's assertion about "a willful display of harassing behavior and discrimination" is insufficient. The balance of his discrimination allegations concerning the unnamed advisor are insufficient to allege a plausible claim against DOL due to the lack of any facts setting forth how DOL is liable for discrimination or retaliation under Title VII or the PHRA for the acts of the Advisor and the nature of the "racial barriers" the advisor did not feel confident to overlook.

For these reasons, the Amended Complaint fails to allege plausible claims and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to comply with Rule 8. Mr. Valentin may file a second amended complaint if he can allege additional facts explaining how DOL is liable for a violation of Title VII and the PHRA. If he opts to do so, Mr. Valentin must comply with the requirement of Rule 8 and assert facts underlying his claims in a short, plain, narrative statement. Although he may attach and refer to exhibits, he may not rely upon the content of an exhibit to state a claim. His narrative must allege all of the facts upon which he bases his claims. He must also comply with the requirements in Federal Rule of Civil Procedure 10 that his pleading contain a caption that names all of the parties he seeks to sue and that his allegations be stated in numbered paragraphs. In short, he must "flesh out [his] allegations by . . . explaining in [the second] amended complaint the 'who, what, where, when and why' of [his] claim." *See Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022); (citing *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019)).

An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

10