IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN VALENTIN,<br>*Plaintiff* | :<br>:    CIVIL ACTION<br>: |
| v. | :<br>: |
| COMMONWEALTH OF<br>PENNSYLVANIA DEPARTMENT OF<br>LABOR AND INDUSTRY *et al.*,<br>*Defendants* | :<br>:<br>:    NO. 24-0629<br>: |

## ORDER

AND NOW, this 6th day of May, 2024, upon consideration of Plaintiff Jonathan Valentin's Amended Complaint (Doc. No. 14), his "Motion Requesting Allowance of Additional Paper" (Doc. No. 15), "Memorandum" (Doc. No. 16), and Motions for "Leave to File Evidence Package" (Doc. Nos. 17, 18) consisting of the same documents contained in his Amended Complaint, it is **ORDERED** that:

1. The Clerk of Court is **DIRECTED** to amend the docket to reflect that the defendant in this case is the Commonwealth of Pennsylvania Department of Labor and Industries. The Clerk of Court is **DIRECTED** to **TERMINATE** North Philadelphia Career Link Office as a Defendant.

2. The Amended Complaint is **DISMISSED WITHOUT PREJUDICE** for the reasons stated in the Court's Memorandum.

3. Mr. Valentin may file a second amended complaint within thirty (30) days of the date of this Order. Any second amended complaint must identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint and shall state the basis for Mr. Valentin's claims against each defendant. The second amended complaint shall be a complete document that does not rely on the initial Complaint, Amended Complaint, or other papers filed in this case to state a claim. When drafting his second

amended complaint, Mr. Valentin should be mindful of the Court's reasons for dismissing the claims in his Amended Complaint as explained in the Court's Memorandum. Specifically, Mr. Valentin must comply with the requirement of Federal Rule of Civil Procedure 8 and assert the facts underlying his claims in a short plain narrative statement. Although he may attach and refer to exhibits, he may not rely upon the content of an exhibit to state a claim but must allege in his narrative all of the facts upon which he bases his claims. He must also comply with the requirements in Federal Rule of Civil Procedure 10 that his pleading contain a caption that names all of the parties he seeks to sue and that his allegations be stated in numbered paragraphs. Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

4. The Clerk of Court is **DIRECTED** to send Mr. Valentin a blank copy of this Court's current standard form for a self-represented litigant filing an employment discrimination action bearing the above-captioned civil action number. Mr. Valentin may use this form to file his second amended complaint if he chooses to do so. Mr. Valentin may supplement the form with all additional information he wants to the Court to consider when screening his second amended complaint to cure the defects the Court has identified in his original pleading.

5. If Mr. Valentin does not wish to file a second amended complaint and instead intends to stand on his Amended Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which

time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

6. If Mr. Valentin fails to file any response to this Order, the Court will conclude that Mr. Valentin intends to stand on his Amended Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

7. Mr. Valentin's "Motion Requesting Allowance of Additional Paper" (Doc. No. 15), and Motions for "Leave to File Evidence Package" (ECF Nos. 17, 18) are **DENIED AS MOOT**.

BY THE COURT:

_____
**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).

Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, which would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

3