**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JONATHAN VALENTIN** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **NO. 24-CV-0629** |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF LABOR AND INDUSTRIES,** | : | |
| *Defendant* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J. JULY 26, 2024

In prior Memoranda, the Court dismissed the Complaint and Amended Complaint filed by Jonathan Valentin in which he alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Pennsylvania Human Relations Act ("PHRA"), 42 Pa. Cons. Stat. §§ 951-963. *See Valentin v. Commonwealth of Pennsylvania Dep't of Lab. and Indus.*, No. 24-629, 2024 WL 710882 (E.D. Pa. Feb. 21, 2024); *Valentin v. Dep't of Lab. & Indus.*, No. 24-0629, 2024 WL 1998095, at *1 (E.D. Pa. May 6, 2024).[1] Upon the dismissal of the Amended Complaint, Valentin was granted leave to file a second amended complaint, which he did on June 26, 2024. On statutory screening pursuant to 28 U.S.C. § 1915(e), the Court dismisses the Second Amended Complaint ("SAC") with prejudice.[2]

---

[1] Upon the death of Judge Gene E.K. Pratter who issued the two prior Memoranda, this case was reassigned to the undersigned.

[2] The only Defendant specifically named in the SAC is the Commonwealth of Pennsylvania Department of Labor and Industries (sic, hereinafter "DOL"), although Valentin includes an "*et al*" designation in the caption and lists the "Deputy Chief Council" in the very last paragraph of the SAC as a person "responsible." Previously, Valentin asserted a claim in the original Complaint against a defendant he identified as the "Deputy Chief Council," which was dismissed with prejudice. *Valentin*, 2024 WL

## I. BACKGROUND AND PROCEDURAL HISTORY

Valentin alleged claims in his original Complaint based on failure to hire, failure to stop harassment, unequal terms and conditions of employment, and retaliation. (Compl. (ECF No. 2) at 7-8.) He asserted that discriminatory acts, otherwise unspecified, occurred or began on February 20, 2014 and the discrimination was based on his Hispanic race and Puerto Rican national origin. (*Id*. at 8.) The Complaint was dismissed because, although Valentin appeared to allege claims against an employer under Title VII, he failed to allege that he was ever employed by or sought employment with the DOL, as well as the "North Philadelphia CareerLink Office" that he mentioned extensively in the Complaint, without identifying how that entity was related to the DOL. *Valentin*, 2024 WL 710882, at *2 ("It is, at best, unclear whether any of these defendants qualifies as Mr. Valentin's employer.").

Valentin then filed a 242-page Amended Complaint (ECF No. 14) consisting of the Court's form available for use by *pro se* litigants to file employment discrimination claims, on which he checked boxes indicating he sought to bring claims for failure to stop harassment, unequal terms and conditions of employment, and retaliation (*id*. at 3-7), accompanied by a 15-page "Memorandum of Law" primarily containing the procedural background of this case and excerpts of statutes (*id*. at 8-22). Valentin also submitted a 20-page typewritten addendum to the form complaint (*id*. at 23-43), and numerous exhibits (*id*. at 24-242).[3]

710882, at *2. The Court will not consider claims against this person since the claims against the Deputy Chief Council have already been dismissed. As the Court told Valentin, the United States Court of Appeals for the Third Circuit has declined to extend liability under Title VII to individuals. *Id*. (citing *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996)).

[3] On April 26, 2024, after the Amended Complaint was submitted, Valentin submitted several additional documents he styled as "motions" and a "memorandum." (*See* ECF Nos. 15-18.) These submissions duplicated the material he submitted with the Amended Complaint and the Court denied the motions on this ground. In conjunction with the filing of his SAC, Valentin attached several exhibits to the pleading itself and also filed motions to file other exhibits. (*See* ECF Nos. 29, 30.) These motions will be

The Amended Complaint was dismissed on statutory screening because Valentin failed to comply with Federal Rule of Civil Procedure 8, mandating that a complaint contain a short and plain statement showing that a plaintiff is entitled to relief. *Valentin*, 2024 WL 1998095, at *4 ("Mr. Valentin's allegations in the Amended Complaint remain unclear in significant respects, to the point that the DOL cannot reasonably be expected to respond to it, and the Amended Complaint thus fails to comply with Rule 8. This defect arises in part because, rather than provide a short plain statement of his claims by way of a clear narrative explaining the 'who, what, where, and why' of his discrimination claims, Valentin asserts vague allegations and appears to rely on voluminous exhibits he attached to the Amended Complaint."). The Court identified as a defect in the pleading that Valentin failed to allege how DOL, the only named Defendant, was plausibly liable for the discriminatory acts he described. *Id*. at *5. He appeared to allege discrimination and retaliation claims under Title VII and the PHRA based on the actions of an unnamed advisor at the "CareerLink office," and the Court noted that these acts may have been undertaken in that office's role as an employment agency since one of the many voluminous statutory excerpts Valentin copied into his Amended Complaint was the section of Title VII addressing employment agencies. *Id*. at *5, n.9 (citing 42 U.S.C. § 2000e-2). The claims were dismissed pursuant to Rule 8, however, because Valentin did not "allege specific facts about any connection between the CareerLink Office and DOL, and the Court [declined to] speculate about any potential connection or the CareerLink office's role upon which Title VII liability is premised." *Id*. at *5. The Court noted also that Valentin's assertion about "a willful display of harassing behavior and discrimination"

granted since the materials were not appended to the SAC, and the Court will deem the entire submission to constitute the SAC.

Valentin also submitted two additional motions for leave to proceed *in forma pauperis* (ECF Nos. 24, 27) even though the Court has already granted this relief. These motions will be denied as moot.

and that his advisor did not feel confident to overlook "racial barriers" were conclusory and thus insufficient to state a plausible claim. *Id*. (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 791 (3d Cir. 2016)). Valentin was granted another opportunity to correct these defects by filing a second amended complaint. He was specifically told to "comply with the requirement of Rule 8 and assert facts underlying his claims in a short, plain, narrative statement . . . explaining in [the second] amended complaint the 'who, what, where, when and why' of [his] claim." *Id*. (citing *Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022)).[4]

## II. SAC FACTUAL ALLEGATIONS[5]

Like the earlier versions of his pleadings, Valentin's SAC is repetitive, contains numerous unexplained statutory excerpts, and cites to voluminous attached exhibits much of the content of which he does not address in narrative form in the actual pleading. He alleges that he enrolled with the DOL Career Link Office in April 2015 and was assigned a career development workforce advisor. (SAC at 1, 6.) He describes the Office as a "state designated vocational training and job placement center." (*Id*. at 1 (capitalization cleaned up).) He began to "experience retaliatory harassment and discrimination in late 2015 after an employment offer with TJX Marshalls," a client of Career Link, ended earlier than he expected "leading to several complaints involving

---

[4] Valentin was specifically told that, although he may attach and refer to exhibits, if he filed a second amended complaint "he may not rely upon the content of an exhibit to state a claim. His narrative must allege all of the facts upon which he bases his claims. He must also comply with the requirements in Federal Rule of Civil Procedure 10 that his pleading contain a caption that names all of the parties he seeks to sue and that his allegations be stated in numbered paragraphs." *Id*. at *5.

[5] Unless otherwise referenced, the allegations in this section are taken from the SAC (ECF No. 28), which is the governing pleading. *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019)*, cert. denied*, 140 S. Ct. 1611 (2020) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted).

racial slurs and segregation to the [Career Link Office] director and supervisor," and EEO compliance officer.[6] (*Id*. at 17.) In the middle of 2016 he also "experienced harassment and discrimination while involved in a separate work related misconduct unemployment investigation involving [another Career Link] client," Topaz Lighting. (*Id*. at 1, 18 (capitalization cleaned up).) He was denied unemployment compensation allegedly because of fraudulent statements by Topaz "involving racial misconduct." (*Id*. at 18.) While unclear, Valentin appears to assert he was under a misapprehension that he was to get on the job ("OTJ") training,[7] but was "given the condition of OJT assignment if he were to work in a bilingual English/Spanish work setting" for which he was not qualified. (*Id*.) He claims he followed Career Link Office grievance policies to complain about harassment.[8] (*Id*.)

---

[6] While it is unclear from the wording of this allegation whether the complaint about racial slurs and segregation was made *by* Valentin about TJX Marshalls or *about* Valentin by TJX Marshalls, construing the SAC liberally, the Court will assume the allegation was made by Valentin about the employer based on the exhibits Valentin refers to in making this allegations. In this portion of the SAC, Valentin cites to Exhibits H and J. Exhibit H consists of a Career Link job posting by TJ Maxx, a letter indicating that Valentin was hired as a temporary warehouse associate, and a letter of September 13, 2015, in which he wrote to the Career Link Office to request assistance keeping his job at TJ Maxx in which he states that his "credit history report along with [his] criminal record are being used to harass and discriminate against me." (ECF No. 29 at 71.) Other pages of Exhibit H indicate he started work at TJ Maxx on September 5, 2015 and was terminated on October 5, 2015 upon his first performance review. (*Id*. at 72.) He also claimed he was harassed by coworkers. (*Id*.) Exhibit J is Valentin's participant service record with Career Link. (ECF No. 30 at 5-25.) Nothing in Exhibit J appears to relate to the allegations about the TJ Maxx OTJ training placement for which it is cited.

[7] Valentin asserts that an OTJ training employment referral would permit an employer to recover up to half of an employee's payroll expense for between 90 days and six months. (SAC at 7.) The opportunity is available to participants "once per every two year service agreement." (*Id*.) Valentin was advised to enroll in other vocational training programs as well to maintain his account activity. (*Id*. at 8, 18.)

[8] In this portion of the SAC, Valentin refers to Exhibits C, G, and L. Exhibit C contains Career Link documents concerning workers' rights and grievance procedures, its EEO statement, a Workforce Innovation Opportunity Act ("WIOA") waiver form, business cards, a May 15, 2016 letter Valentin wrote about not being able to use a computer, and a July 20, 2016 email he wrote about "an ongoing discrimination and harassment offense occurring in the work place," and otherwise undescribed ongoing harassment in the Career Link Office. (ECF No. 28 at 45-51.) Exhibit G contains email communications referencing his criminal record and his rejection for OJT training opportunities, skills testing results, and versions of his resume, the content of which is not made part of Valentin's narrative

To that end, he filed a complaint "involving denial of job placement funding" with the office's administrator, a director, and an EEOC compliance officer.[9] (*Id*. at 2 (capitalization cleaned up).) That complaint was taken over by the DOL in late 2017, which began to collect activity reports on Valentin's job search and placement effort. (*Id*. at 3, 8, 18.) Valentin asserts he was in the process of being assigned "a Latin career development workforce advisor . . . to prevent any future cultural barriers," but the advisor "turned down the offer after reviewing [his] case." (*Id*. at 18.) Notwithstanding his allegations that he was placed at Topaz Lighting and TJ Maxx, he asserts that his service agreement with Career Link expired in April 2018 without the Career Link Office "ever correcting or awarding" him an OTJ training employment referral assignment. (*Id*. at 18-19.[10]) On June 25, 2018, he filed a discrimination claim with the Pennsylvania Human Relations Commission, which issued a right to sue letter on March 21, 2023. (*Id*. at 3.) On April 20, 2023, Valentin filed a complaint with the EEOC, which issued a right to sue letter on November 9, 2023. (*Id*. at 4.) Referring to exhibits, he asserts he was willfully denied an OJT job placement "because of racial barriers" that the "Advisor did not feel confident overlooking."[11] (*Id*. at 19.) He also alleges a "willful display of harassing behavior and

---

description of his claims, nor otherwise explained. (ECF No. 29 at 30-67.) Exhibit L is a DOL description of Career Link. (ECF No. 30 at 58-61.) The content of these Exhibits is not included in the SAC itself as factual allegations to support Valentin's claims.

[9] In a repetitive section of the SAC, he describes the complaint as "involving denial of job placement funding harassment and unfair treatment." (SAC at 18 (capitalization cleaned up).)

[10] In this portion of the SAC, Valentin refers to Exhibits F and G. Exhibit F contains information about unemployment benefits and employment services available from Career Link under the Wagner-Peyser Act, the WIOA Combined State Plan, and the Career Link OTJ training program eligibility. (ECF No. 29 at 21-28.) As noted, Exhibit G contains emails, skills testing results, and resumes. (ECF No. 29 at 30-67.)

[11] The referenced Exhibits in this part of the SAC are Exhibit E, Valentin's job search activity report (ECF No. 29 at 5-19), Exhibit G, contains emails, skills testing results, and resumes (*id*. at 30-67), Exhibit H, containing the TJ Maxx materials (*id*. at 30-77), and Exhibit I, containing the job posting for Topaz Lighting, documents pertaining to Valentin's unemployment benefits claims for Topaz Lighting, and

discrimination while in participating and in attendance and in employment services partly due to [his] involvement in a number of other work related civil rights employment complaint[s]." (*Id.* at 19.) Valentin does not identify these other complaints, provide non-conclusory allegations explaining this assertion, or otherwise explain how he was harassed or retaliated against for filing other employment claims.

## II. STANDARD OF REVIEW

Because the Court has granted Valentin leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Second Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. "[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009)

---

his EEOC right to sue letter from 2017 for a claim against Topaz Lighting (*id.* at 78-98). There is no narrative explanation in the SAC indicating how this information relates to racial barriers at the DOL or his interactions with the Career Link Office advisor.

(quotations omitted). As Valentin is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III. DISCUSSION**

Title VII prohibits employment discrimination based on race, color, religion, sex, and national origin. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a)). To pass statutory screening, a plaintiff must allege sufficient facts to raise a reasonable expectation that discovery will reveal evidence that his membership in a protected class was "either a motivating or determinative factor" in his employer's adverse employment action against him. *Connelly*, 809 F.3d at 789; *see also Santos v. Iron Mountain Film & Sound*, 593 F. App'x 117, 119 (3d Cir. 2014) (*per curiam*) (explaining that to survive a motion to dismiss a plaintiff "cannot merely state that he was discharged due to his national origin" and instead "must plead facts that plausibly connect his national origin to his discharge").[12]

Valentin's allegations in the SAC fail to cure the defects the Court identified in his Amended Complaint. Rather than follow the Court's directives to allege the facts underlying his claim in a short and plain narrative statement, Valentin has again made only conclusory allegations that he was the subject of discrimination and has appended numerous, unexplained exhibits that themselves contain conclusory allegations, upon which he appears to rely to allege his claim. As the Court explained in dismissing the Amended Complaint, a court may consider exhibits attached to a *pro se* plaintiff's complaint but a litigant may not rely entirely upon them to allege a plausible

[12] A complaint need not establish a *prima facie case* to survive statutory screening or a motion to dismiss, because a *prima facie case* is an evidentiary standard, not a pleading requirement, and hence is not a proper measure of whether a complaint fails to state a claim. *Connelly*, 809 F.3d 788-89 (internal citations and quotations omitted). Nonetheless, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Fowler*, 578 F.3d at 213.

claim. *Valentin*, 2024 WL 1998095, at *4 (citing *Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.")).

Valentin's narrative description of the facts underlying his Title VII claim asserts that the Career Link Office is a "state designated vocational training and job placement center" that is part of the DOL. It appears then, that Valentin's claim is premised on 42 U.S.C. § 2000e-2, which provides that an "employment agency" may be liable under Title VII if it fails or refuses to refer an individual for employment or classifies that individual in a referral on the basis of his race, color or other immutable characteristics. *Id*. ("It shall be an unlawful employment practice for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin, or to classify or refer for employment any individual on the basis of his race, color, religion, sex, or national origin.").

However, the SAC contains no non-conclusory allegations detailing how DOL through the Career Link Office discriminated against Valentin in a referral for employment. He only repeats a conclusory allegation contained in his Amended Complaint that he was willfully denied a placement because of racial barriers his Advisor did not "feel confident" to overlook. (SAC at 19; Am. Compl. at 41.) He also repeats a conclusory allegation about "a willful display of harassing behavior and discrimination while in participating and in attendance and in employment services partly due to [his] involvement in a number of other work related civil rights employment complaint[s]." (SAC at 19 (capitalization cleaned up); Am. Compl. at 41.) But he does not provide actual facts – the "who, what, where, when and why" – to flesh out either of these allegations, even

after being warned that conclusory allegations are insufficient to allege a plausible Title VII claim. *Valentin*, 2024 WL 1998095, at *5 (citing *Iqbal*, 556 U.S. at 678). Valentin also again alleges that he experienced retaliatory harassment and discrimination at employers to which he was referred for OTJ training placements, specifically TJX Marshalls and Topaz Lighting, but he does not assert non-conclusory allegations to support a claim that DOL or its Career Link Office failed or refused to refer him for employment or classified him in a referral on the basis of his race, color or other immutable characteristics as part of these placements or otherwise.

Having given Valentin three opportunities to allege a plausible Title VII claim against DOL, the Court is constrained to conclude that further efforts would prove futile. Accordingly, in an Order that will be filed separately, Valentin's case will be dismissed with prejudice. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile"); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").

*NITZA I. QUIÑONES ALEJANDRO, J.*